**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50323 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-04218-LAB-4 |
| v. | |
| ALAN ROHRBACK, Jr., AKA A.J., AKA Alan Ray Rohrback, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Alan Rohrback, Jr., appeals from the district court's judgment and

challenges the 200-month sentence imposed following his guilty-plea conviction

for conspiracy to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1), 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Rohrback first contends that, because the record did not show that he exercised any authority or control over his co-defendant, the district court erred by imposing a two-level aggravating role adjustment under U.S.S.G. § 3B1.1(c). The record as a whole, however, supports the inference that Rohrback had authority over his co-defendant in executing the offense. Accordingly, the district court did not abuse its discretion by applying the adjustment.[1] *See United States v. Herrera*, 974 F.3d 1040, 1045 (9th Cir. 2020) (stating standard of review and explaining that "[o]nly guideline applications that are illogical, implausible, or without support in inferences that may be drawn from facts in the record are an abuse of discretion" (internal quotations omitted)).

Rohrback next contends that the 200-month sentence is substantively unreasonable because the district court placed too much weight on the aggravating factors and the 180-month sentence it imposed on Rohrback's co-defendant, and gave insufficient weight to his mitigating circumstances. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court accounted for Rohrback's mitigating circumstances when it elected to vary below the Guidelines range, and the resulting sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances.

---

[1] We disagree with Rohrback's assertion that the district court used an impermissible factor to justify the enhancement, thus requiring de novo review.

*See Gall*, 552 U.S. at 51.

**AFFIRMED.**